## TAYLOR AND HADDEN *v.* B. L. JOOR.

It is the settled jurisprudence of the United States, that the plea of a statute of limitation to an action on a judgment rendered in another State, is a plea to the remedy, and, therefore, the *lex fori* must govern. There is nothing in the Constitution of the United States, or laws under it, to justify an exception to the rule.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *A. N. Ogden*, for plaintiffs. *J. H. Van Dalson*, for defendant. By the court:

EUSTIS, C. J. This suit was commenced, by attachment, for the recovery of the amount of a judgment rendered against the defendant in the Circuit Court of Wilkinson County, in the State of Mississippi, on the 14th of October, 1842. There was judgment in the district court for the plaintiffs, and the defendant has appealed.

The defence was a plea of prescription; and the district judge held the term of prescription of the law of Louisiana, to be exclusively applicable to the case.

We have recently considered this subject, in the case of *Bacon et al.* v. *Dahlgreen*, and we then held, under the Code of Practice, art. 13, and the well established jurisprudence, that the prescription of the forum, or of the place where the remedy is sought, must govern in all suits for the recovery of debts.

The principal ground on which a reversal of this judgment is sought is, that the Constitution of the United States excepts judgments rendered in courts of the States, from the operation of this general rule. We do not so understand the operation of the Constitution and Laws of the United States, which relate to the effect of judgments. By virtue of their provisions, a judgment, rendered in other States, is put on the footing of a domestic judgment, by which is meant, not that it has the force and effect of a domestic judgment beyond the jurisdiction declaring it to be a judgment, but a domestic judgment as to the subject matter or the suit; and, if it is conclusive in the State where it is pronounced, it is equally conclusive in other States.

It is the settled jurisprudence of the United States, that the plea of a statute of limitations, to an action on a judgment rendered in another State, is a plea to the remedy, and therefore the *lex fori* must govern. *McElroy* v. *Cohen*, 13 Peters, 327.

The statute of the State of Mississippi, relied upon by the defendant, provides, that no judgment rendered in the courts of that State shall be revived by *seire facias*; and that no action of debt shall be instituted thereon after the expiration of seven years from the date thereof; nor shall any execution issue thereon after seven years from the time the last execution issued on said judgment.

This is a statute of limitation by its very terms, and is so considered in the courts of that State; and it is not a valid plea to the plaintiffs' action.

The judgment of the district court is therefore affirmed, with costs.